IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LES FIELDS/C.C.H.I. INSURANCE SERVICES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　／ | No. C 15-02411 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JOINDER, LEAVE TO AMEND, AND INJUNCTIVE RELIEF** |

## INTRODUCTION

In this action for a tax refund, plaintiff has moved for an order compelling joinder of certain individuals, for leave to file an amended complaint and to enjoin the parties herein from defending related actions in the United States Tax Court. For the reasons stated below, plaintiff's motion is **DENIED**.

## STATEMENT

Plaintiff Les Fields/C.C.H.I. Insurance Services is a California corporation that provides risk management and administrative services to self-funded health and welfare plans, which includes transferring risk to reinsurers. In 2009 and 2010, the United States Internal Revenue Service conducted an audit of C.C.H.I.'s federal income tax returns, as well as those of C.C.H.I.'s president, Leslie C. Fields (Les), and his wife, Gaelen C. Fields. Following the audit, the IRS issued a "worker notice" that classified Les Fields as an employee of C.C.H.I., not as an independent contractor, as C.C.H.I. had indicated in its tax filings. The IRS assessed

corporate income taxes and employment taxes against C.C.H.I., and individual income taxes against Les and Gaelen Fields.

In December 2014, C.C.H.I. filed an action in the United States Tax Court to challenge the corporate income tax liabilities. *Les Fields/C.C.H.I. Insurance Services v. Commissioner of Internal Revenue*, No. 31090-14 (T.C.). Les Fields also commenced two actions in the United States Tax Court challenging his individual income tax liabilities, one for tax year 2009, the other for 2010 (which he filed jointly with his wife, Gaelen). *Les Fields v. Commissioner of Internal Revenue*, No. 31092-14 (T.C.); *Les Fields and Gaelen Fields v. Commissioner of Internal Revenue*, No. 31091-14 (T.C.). A trial for all three tax-court cases is scheduled for April 25, 2016.

C.C.H.I. commenced this action here in the district court to challenge the employment taxes assessed against it, specifically based on the contention that the IRS erroneously classified Les Fields as an employee, not an independent contractor. C.C.H.I. now moves for an order compelling the joinder of Les and Gaelen Fields as plaintiffs in this action, for leave to file an amended complaint to include the additional plaintiffs, and for an injunction against all parties to this action preventing them from proceeding with the litigation in the tax court and requiring the United States to file a counterclaim in this action for any deficiencies in the taxes paid by C.C.H.I., Les Fields, or Gaelen Fields. Ultimately, C.C.H.I.'s goal is to have a single jury trial in the district court to adjudicate all of the pending federal tax controversies involving C.C.H.I., Les Fields, and Gaelen Fields. The trial in this matter is scheduled for September 12, 2016.

This order follows full briefing and oral argument at which plaintiff did not appear.

## ANALYSIS

Section 6512(a) of Title 26 of the United States Code provides that once a taxpayer files a petition with the Tax Court, "no credit or refund of income tax for the same taxable year . . . in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted" with the exception of certain circumstances not applicable here. Indeed, our court of appeals recognized "that if the taxpayer files a petition with the tax court, the mere filing of the petition operates to deprive

the district court of jurisdiction to entertain a subsequent suit for refund." *First National Bank of Chicago v. United States*, 792 F.2d 954, 955–56 (9th Cir. 1986) (quoting *United States v. Wolf*, 238 F.2d 447, 449 (9th Cir. 1956)).  Section 7459(d) provides that an order of the Tax Court dismissing a petition for redetermination of a deficiency for reasons other than lack of jurisdiction "shall be considered as its decision that the deficiency is the amount determined by the Secretary."  Accordingly, this Court lacks jurisdiction over the matters currently proceeding before the Tax Court, and C.C.H.I., Les Fields, and Gaelen Fields cannot voluntarily dismiss those actions in order to re-file them here.

   C.C.H.I. does not deny that it faces these procedural obstacles.  Instead, it proposes a convoluted patchwork procedure to wrest jurisdiction from the Tax Court in order to consolidate all tax litigation brought by C.C.H.I., its president, Les Fields, and Les's wife, Gaelen Fields, in a single proceeding.  Specifically, C.C.H.I. seeks an order joining the individuals Les and Gaelen Fields in this action, enjoining the United States from defending the pending Tax Court proceedings, and requiring the United States to bring counterclaims in this action for the taxes that are the subject of the pending Tax Court actions.

   Plainly, this Court will not use an injunction to manufacture subject-matter jurisdiction that Congress has vested exclusively in the Tax Court, so C.C.H.I.'s motion must be denied.  Indeed, even if such a procedure could be employed, sovereign immunity precludes a suit against the United States for income taxes that have not been paid in full (such as those at issue in the Tax Court cases).  *See Boynton v. United States*, 566 F.2d 50, 52 (9th Cir. 1977) (citing *Flora v. United States*, 362 U.S. 145 (1960)).  Accordingly, the proposed injunction would not accomplish C.C.H.I.'s goal.

   Moreover, C.C.H.I. has failed to demonstrate that it would suffer any irreparable harm if it is forced to litigate in two fora, so it is not entitled to an injunction.  The only harm it alleges is the burden of litigating separate tax claims — a situation it brought upon itself by filing this action in district court.  To the extent C.C.H.I. incurs additional expenses as a result of parallel litigation, such expenses could be recoverable pursuant to the attorney's fees provision of the Tax Code, to the extent applicable.  *See* 26 U.S.C. 7430.  C.C.H.I. has failed to demonstrate that

3

it is entitled to the injunction that is the lynchpin of its proposed mechanism to undermine the Tax Court's exclusive jurisdiction.

What really seems to be going on here is that C.C.H.I. no longer wants to litigate in the Tax Court (despite its having sued there) and is looking for a way to start all over somwhere else, now that the Tax Court case is near trial. This lawsuit seems to be just a gimmick.

## CONCLUSION

For the reasons stated above, C.C.H.I.'s motion for joinder, leave to amend, and an injunction is **DENIED**.

The Court believes the instant case should be stayed pending the outcome of the April trial in the Tax Court, whose resolution may control, if not shed light, on the employment tax issue tendered here. By **JANUARY 18**, both sides should **SHOW CAUSE** why a stay should not issue.

**IT IS SO ORDERED.**

Dated:   January 7, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE